IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PETER J. BARCLAY AND FAMILY, | Case. No. 6:26-cv-96-MC |
| | OPINION & ORDER |
| Plaintiff, | |
| v. | |
| DANIEL R. MURPHY, GLEN D. BAISINGER, LINN COUNTY OREGON, STATE OF OREGON, | |
| Defendants. | |

MCSHANE, Judge:

    *Pro se* plaintiff seek leave to proceed *in forma pauperis* (IFP). This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

    Plaintiff takes issue with certain decisions made by Linn County Circuit Court judges years ago during Plaintiff's divorce proceeding. Plaintiff challenges the decisions made on September 5, 2008, November 10, 2009, and July 15, 2017. Compl. ¶¶ 4–5. Plaintiff attaches

1 – Opinion & Order

those rulings as exhibits 6-8 of his Complaint. There are several fatal errors barring Plaintiff's claims.

First, his claims are barred by judicial immunity. Judicial immunity is a common law doctrine that protects "the finality of judgements" and "discourage[es] inappropriate collateral attacks . . . by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988)(citing Bradley v. Fisher, 80 U.S. 335, 347 (1871)). "The common law's rationale for these decisions—freeing the judicial process of harassment or intimidation—has been thought to require absolute immunity even for advocates and witnesses." *Id*. However, even with this immunity, "judicial mistakes or wrongs are open to correction through ordinary mechanisms of review," the appellate process. *Id*. Here, rather than file a civil action against the state court judges, Plaintiff was obligated to raise the constitutional challenges to those orders he advances now to Oregon's appellate courts.

Second, Defendants' actions occurred in 2008, 2009, and 2017. Even assuming that Plaintiff had two years to file his claims under 28 U.S.C. § 1983, this action comes several years too late.

Because Plaintiff fails to state a claim, Plaintiff's application for leave to proceed in forma pauperis is DENIED and this case is DISMISSED, with prejudice. Any pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 29th day of January 2026.

                                                   /s/ Michael McShane
                                                    Michael McShane
                                            United States District Judge

2 – Opinion & Order